Andrew E. Schouten (SBN 263684)
  aschouten@wlelaw.com
**WRIGHT, L'ESTRANGE & ERGASTOLO**
402 West Broadway, Suite 1800
San Diego, CA 92101-7928
Telephone:   (619) 231-4844
Facsimile:    (619) 231-6710

Morgan E. Smith (SBN 293503)
  morgan.smith@finnegan.com
Matthew Samet (SBN 311865)
  matthew.samet@finnegan.com
B. Brett Heavner (*pro hac vice to be filed*)
  b.brett.heavner@finnegan.com
Yinfei Wu (*pro hac vice to be filed*)
  yinfei.wu@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone:   (202) 408 4000
Facsimile:    (202) 408 4400

*Attorneys for Defendants and Counterclaim
Petitioners TikTok, Inc., TikTok LLC,
TikTok Ltd., and ByteDance Ltd.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STITCH EDITING LTD., | CASE NO. 3:21-cv-00626-CAB (BGS) |
| Plaintiff, | **DEFENDANTS' ANSWER AND COMPULSORY COUNTERCLAIM** |
| v. | **JURY TRIAL DEMANDED** |
| TIKTOK, INC., TIKTOK LLC, TIKTOK LTD., and BYTEDANCE LTD., | |
| Defendants. | |
| TIKTOK, INC., TIKTOK LLC, TIKTOK LTD., and BYTEDANCE LTD., | |
| Counterclaim Petitioners, | |
| v. | |
| STITCH EDITING LTD., | |
| Counterclaim Respondent. | |

Defendants TikTok Inc., TikTok LLC, TikTok Ltd., and ByteDance Ltd. (collectively, "Defendants") hereby answer the Complaint of Stitch Editing Ltd. ("Plaintiff") as follows:

### ANSWER

1. Denied.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore deny them.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore deny them.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore deny them.

5. Defendants admit that Plaintiff is listed as the owner of Trademark Registration No. 4742447 issued by the United States Patent and Trademark Office ("USPTO") for STITCH EDITING in in connection with "Editing of music, television programs, films, commercials, internet videos, and video programs; music, film and video production; providing advice and information for music, video and film concept and script development; multimedia entertainment services in the nature of development, production and post-production services in the fields of video and films; post-production editing services in the field of music, videos and film; production of visual effects for videos, commercials, dvds, pre-recorded optical discs featuring music, television programs, films, commercials, internet videos, and video programs; television and for internet web sites; video editing; videography services" in International Class 41.  Defendants deny that Trademark Registration No. 4742447 is valid and deny any other allegations contained in Paragraph 5 of the Complaint.

6. Denied.

7. Defendants admit that TikTok is a communications platform provided by TikTok Inc. that permits users to create and share short-form videos composed of expressive content. Defendants deny any remaining allegations of Paragraph 7 of the Complaint.

8. Defendants admit that the "stitch" feature was released in the U.S. in September 2020 but deny the remaining allegations of Paragraph 8 of the Complaint.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore deny them.

15. Defendants admit that TikTok Inc. is a California corporation having its principal place of business at 5800 Bristol Parkway, Culver City, CA 90230. Defendants deny any remaining allegations of Paragraph 15 of the Complaint.

16. Admitted.

17. Admitted.

18. Defendants admit that ByteDance Ltd. was founded by Zhang Yiming in 2012 and is a Cayman Islands company registered company. Defendants deny any remaining allegations of Paragraph 16 of the Complaint.

19. Admitted.

20. Paragraph 20 consists of nothing but legal conclusions to which no admission or denial is required. Applicant denies any remaining allegation of Paragraph 20.

21. Applicant admits that TikTok Inc. is a California corporation but denies the remaining allegation of Paragraph 21.

22.     Applicant admits that TikTok Inc. is a California corporation but denies the remaining allegation of Paragraph 22.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore deny them.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore deny them.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore deny them.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint and therefore deny them.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore deny them.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore deny them.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore deny them.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore deny them.

31.     Defendants admit that Plaintiff is listed as the owner of Trademark Registration No. 4742447 issued by the USPTO for the term "STITCH EDITING,"

1   however Defendants deny that Trademark Registration No. 4742447 is valid and deny

2   the remaining allegations in Paragraph 31 of the Complaint.

3        32.    Defendants admit that Trademark Registration No. 4742447 lists "the

4   editing of… internet videos" in its services, however Defendants deny that Trademark

5   Registration No. 4742447 is valid and deny the remaining allegations in Paragraph 32

6   of the Complaint.

7        33.    Defendants are without knowledge or information sufficient to form a

8   belief as to the truth of the allegations of Paragraph 33 of the Complaint and therefore

9   deny them.

10       34.    Defendants are without knowledge or information sufficient to form a

11  belief as to the truth of the allegations of Paragraph 34 of the Complaint and therefore

12  deny them.

13       35.    Defendants are without knowledge or information sufficient to form a

14  belief as to the truth of the allegations of Paragraph 35 of the Complaint and therefore

15  deny them.

16       36.    Defendants are without knowledge or information sufficient to form a

17  belief as to the truth of the allegations of Paragraph 36 of the Complaint and therefore

18  deny them.

19       37.    Defendants are without knowledge or information sufficient to form a

20  belief as to the truth of the allegations of Paragraph 37 of the Complaint and therefore

21  deny them.

22       38.    Defendants are without knowledge or information sufficient to form a

23  belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore

24  deny them.

25       39.    Defendants are without knowledge or information sufficient to form a

26  belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore

27  deny them.

28  / / /

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and therefore deny them.

41.     Defendants admit that TikTok is a communications platform provided by TikTok Inc. that permits users to create and share short-form videos composed of expressive content.  Defendants deny any remaining allegations of Paragraph 41 of the Complaint.

42.     Defendants admit that TikTok has been made available in more than 150 markets.  Defendants deny any remaining allegations of Paragraph 42 of the Complaint.

43.     Defendants admit that based on quarterly usage figures as of September 2020, 100 million Americans used the TikTok Application.  Defendants further admit that as of September 2020, TikTok had approximately 50 million daily active users in the United States.  Defendants deny any remaining allegations of Paragraph 43 of the Complaint.

44.     Defendants admit that as of July 2020, TikTok had 689,174,209 global monthly active users.  Defendants deny any remaining allegations of Paragraph 44 of the Complaint.

45.     Defendants admit that as of August 2020, TikTok surpassed two billion global downloads.  Defendants deny any remaining allegations of Paragraph 45 of the Complaint.

46.     Defendants admit that the TikTok application is available on non-mobile platforms.   Defendants deny any remaining allegations of Paragraph 46 of the Complaint.

47.     Defendants admit that the TikTok application was made available on Samsung TV devices in the U.K.  Defendants deny any remaining allegations in Paragraph 47 of the Complaint.

48.     Defendants admit that the TikTok TV app is available on Google and Android TV devices in the U.K., France, and Germany.  Defendants further admit that

the TikTok TV app is available on Amazon Fire TV devices in the UK, France, and Germany.  Defendants deny any remaining allegations in Paragraph 48 of the Complaint.

49.    Denied.

50.    Defendants admit the web page at https://www.tiktok.com/business/en-US belongs to Defendants.  The contents of this web page are public information which requires no admission or denial, and thus Defendants deny any remaining allegations in Paragraph 50 of the Complaint.

51.    Defendants    admit    that    their    web    page    at https://www.tiktok.com/business/en-US/apps/tiktok#4    describes    how    TIKTOK platform users can use the hashtag symbol "#" to boost their social media visibility. Defendants deny any remaining allegations in Paragraph 51 of the Complaint.

52.    Defendants admit that they used many different phrases to describe and promote their products and services on https://www.tiktok.com/business/en-US/apps/tiktok#4, which may have included "Don't Make Ads. Make TikToks," "Discover a world full of people waiting to discover your brand," and/or "Maximize ROI by ensuring your most important audiences see your ads and track your performance in real-time" at one point.  Defendants deny any remaining allegations in Paragraph 52 of the Complaint.

53.    Defendants admit that on February 1, 2021, TikTok announced an innovative global partnership to enable WPP agencies and clients to tap into the culture-shaping impact and reach of the platform.  Defendants further admit that TikTok's press statement is quoted accurately in the Complaint.  Defendants deny any remaining allegations in Paragraph 53 of the Complaint.

54.    Admitted.

55.    Defendants admit on October 27, 2020, TikTok announced a global partnership with Shopify that will help "more than 1 million merchants create and run campaigns directly geared toward TikTok's highly engaged community."  Defendants deny any remaining allegations in Paragraph 53 of the Complaint.

56.     Defendants admit that the TikTok for Business website lists "success stories" where brands have achieved marketing success using "TIKTOK," including some of the companies identified in Paragraph 56 of the Complaint.  Defendants deny any remaining allegations in Paragraph 56 of the Complaint.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and therefore deny them.

58.     The terms "music industry" and "commercial advertising world" in Paragraph 58 of the Complaint are vague and undefined, and thus Defendants deny any allegations in this Paragraph of the Complaint.

59.     Defendants admit that their web page at https://newsroom.tiktok.com/en-us/year-on-tiktok-music-2020 describes the TIKTOK platform as "[p]owered by its community, TikTok became America's go-to platform for music discovery, as well as a launching pad for smash hits by artists of all genres."  Defendants deny any remaining allegations in Paragraph 59 of the Complaint.

60.     Defendants admit that their web page at https://newsroom.tiktok.com/en-us/year-on-tiktok-music-2020 states that "[j]ust in the past year over 70 artists that have broken on the platform have received major label deals, including Claire Rosinkranz, Dixie D'Amelio, Powfu, Priscilla Block and Tai Verdes, and dozens more have charted on Rolling Stone's Breakthrough 25." Defendants deny any remaining allegations in Paragraph 60 of the Complaint.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint and therefore deny them.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint and therefore deny them.

/ / /

63.    TikTok admits that it has entered into music license agreements with a number of music rights holders and that its platform is widely available to promote artists and others.  Defendants deny any remaining allegations in Paragraph 63 of the Complaint.

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint and therefore deny them.

65.    Denied.

66.    Denied.

67.    Defendants admit that the TikTok press release for the stitch feature includes the language quoted in Paragraph 67 of the Complaint.  Defendants deny any remaining allegations in Paragraph 67 of the Complaint.

68.    Defendants admit that the press release on the web page at https://newsroom.tiktok.com/en-us/new-on-tiktok-introducing-stitch contains descriptions of functions of the new stitch feature available for users of the TikTok application.  Defendants deny any remaining allegations of Paragraph 68 of the Complaint.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Defendants admit that users of the TikTok app can use the stitch feature in editing video clips and add text to the caption of the video, including using the hashtag symbol "#" if they want to.  Defendants deny any remaining allegations of Paragraph 72 of the Complaint.

73.    The image contained in Paragraph 73 of the Complaint speaks for itself and requires no admission or denial.  Defendants deny any remaining allegations of Paragraph 73 of the Complaint.

74.    Denied.

75.     Denied.

76.     Defendants admit that they are not affiliated or associated with Plaintiff. Defendants deny that Plaintiff has any valid trademark rights to "stitch" and "stitch editing," deny that they are required to obtain any authorization or license to use the term "stitch," and deny the remaining allegations of Paragraph 76 of the Complaint.

77.     Defendants admit that Plaintiff sent to Defendants a cease-and-desist letter dated December 28, 2020, and deny any remaining allegations of Paragraph 77 of the Complaint.

78.     Defendants admit that they responded to Plaintiff's December 28, 2020 letter by rejecting the claims of infringement, and deny any remaining allegations of Paragraph 78 of the Complaint.

79.     Defendants admit that Plaintiff sent to Defendants a second letter dated January 27, 2021, and deny any remaining allegations of Paragraph 79 of the Complaint.

80.     Defendants admit that the parties have not reached a reasonable resolution to this dispute but deny the remaining allegations of Paragraph 90 of the Complaint.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Paragraph 90 requires neither admission nor denial.

91.     Denied.

92.     Denied.

93.     Denied.

1    94.   Denied.

2    95.   Denied.

3    96.   Denied.

4    97.   Denied.

5    98.   Denied.

6    99.   Denied

7    100.   Denied.

8    101.   Denied.

9    102.   Paragraph 102 requires neither admissions nor denials.

10    103.   Denied.

11    104.   Denied.

12    105.   Denied.

13    106.   Denied.

14    107.   Denied.

15    108.   Denied.

16    109.   Denied.

17    110.   Denied.

18    111.   Paragraph 111 requires neither admissions nor denials.

19    112.   Denied.

20    113.   Denied.

21    114.   Denied.

22    115.   Denied.

23    116.   Denied.

24    117.   Denied.

25    118.   Denied.

26    119.   Paragraph 119 requires neither admissions nor denials.

27    120.   Denied.

28    121.   Denied.

122.   Denied.

123.   Denied.

With respect to the preamble and paragraphs A through K of PRAYER FOR RELIEF of the Complaint, Defendants deny each and every claim for relief set forth by Plaintiff in the Complaint.   Specifically, Defendants deny that Plaintiff has been, is being, or will be damaged by Defendants' use of the generic terms "stitch" or "stitch editing" to describe the stitch function embedded in the TIKTOK products and services, and thus deny any allegations in the preamble and paragraphs A through K of PRAYER FOR RELIEF of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Fair Use Under 15 U.S.C. § 1115(b)(4))

Defendants assert descriptive fair use affirmative defenses under 15 U.S.C. § 1115(b)(4) and reserve the right to supplement its affirmative defenses as the action proceeds.

124.   The term "stitch" has been commonly used to describe the action of editing videos, namely the joining of two or more clips into one composite video.

125.   Plaintiff has also used the term "stitch" to describe its "editing technique"[1].

126.   Defendants use the word "stitch" not as a trademark, but only to fairly and accurately inform the public of the nature and function of the editing feature of Defendants' platform.

127.   If Defendants are prohibited from using "stitch" they will be denied access to a term that allows them to accurately and reasonably convey to their users the feature of their platform that allows the joining of video clips.

/ / /

/ / /

---

[1] https://www.lbbonline.com/news/stitch-launches.

DEFENDANTS' ANSWER AND COMPULSORY COUNTERCLAIM                    11                    CASE NO. 3:21-CV-00626-CAB (BGS)

1    128.   Defendants have never used the TM symbol in connection with the word
2    "stitch" nor have Defendants sought trademark registration for the term "stitch" or any
3    variation thereof.

4    129.   Defendants' use of the word "stitch" is in good faith.

5    130.   Defendant's use of the word "stitch" does not trade off Plaintiff's good
6    will.

7    131.   Defendants had no knowledge of Plaintiff or its services before receiving
8    Plaintiffs' demand letters. Before these demand letters, Defendants had no
9    correspondence with Plaintiff.

10   Defendants presently have insufficient knowledge or information upon which to
11   form a belief as to whether they may have additional, as yet unstated, defenses available.
12   Defendants reserve the right to assert additional affirmative defenses in the event
13   discovery indicates they are appropriate

14   ## COUNTERCLAIM UNDER 15 U.S.C. §§ 1064 and 1119

15   For their counterclaim, Defendants-Counterclaim Petitioners TikTok Inc.,
16   TikTok LLC, TikTok Ltd., and ByteDance Ltd. (collectively, "Defendants-Petitioners")
17   hereby seek cancellation of Plaintiff-Counterclaim Respondent Stitch Editing Ltd.'s
18   ("Plaintiff-Counterclaim   Respondent"   or   "Plaintiff-Respondent")   Trademark
19   Registration No. 4742447 pursuant to 15 U.S.C. Sections 1064 and 1119 on the basis
20   that the term "STITCH EDITING" is or has become the generic name for the goods and
21   services listed in Trademark Registration No. 4742447.

22   Plaintiff-Respondent's attempt to restrict the descriptive fair use of the generic
23   terms "stitch" and "stitch editing" by Petitioner within its marketplace has given rise to
24   the present controversy, necessitating the cancellation of Respondent's Registration No.
25   4742447. As grounds for its counterclaim, Defendants-Petitioners allege the following,
26   upon actual knowledge with respect to themselves and their own acts, and upon
27   information and belief as to other matters.

28   / / /

**PARTIES**

132.   Defendant-Petitioner, ByteDance Ltd. is a company incorporated in the Cayman Islands with a place of business at Grand Pavilion, Hibiscus Way 802 West Bay Road, Grand Cayman KY1-1205.

133.   Defendant-Petitioner, TikTok Ltd. is a company incorporated in the Cayman Islands with a place of business at Grand Pavilion, Hibiscus Way 802 West Bay Road, Grand Cayman KY1-1205.

134.   Defendant-Petitioner, TikTok Inc. is a California corporation with a principal place of business in Culver City, California.

135.   Defendant- Petitioner, TikTok LLC is a Delaware company with a registered address in Wilmington, Delaware.

136.   Defendants-Petitioners, ByteDance Ltd., TikTok Ltd., TikTok Inc., and TikTok LLC are collectively referred to as the "Petitioners."

137.   Plaintiff-Respondent, Stitch Editing Ltd. ("Respondent") is a United Kingdom limited company having its principal address at 4 Newburgh Street, London, United Kingdom W1F7RT.

138.   Respondent, Stitch Editing Ltd. has an office and place of business at 1635 12th Street, Santa Monica, Los Angeles, CA 90404 in the United States.

139.   Respondent is the record owner of federal Trademark Reg. No. 4742447. Copies of this registration certificate is attached as Exhibit A.

**JURISDICTION AND VENUE**

140.   This Court has subject matter jurisdiction over Petitioners' counterclaim pursuant to 15 U.S.C. § 1121, § 1064, §1119 as well as 28 U.S.C. §§ Sections 1331, 1338 (a), and 1338 (b).

141.   This Court has personal jurisdiction over Respondent as it transacts and solicits business within this District.

142.   Venue in this District is proper under 28 U.S.C. Section 1391 as Respondent's initial complaint giving rise to this counterclaim was filed in this District.

**THE TERM "STITCH EDITING" IS UNDERSTOOD**
**BY THE RELEVANT PUBLIC TO BE THE GENERIC TERM FOR**
**PLAINTIFF-RESPONDENT'S SERVICES**

143.    Respondent's Trademark Registration No. 4742447 for the term "STITCH EDITING" covers the following services in Class 41: "Editing of music, television programs, films, commercials, internet videos, and video programs; music, film and video production; providing advice and information for music, video and film concept and script development; multimedia entertainment services in the nature of development, production and post-production services in the fields of video and films; post-production editing services in the field of music, videos and film; production of visual effects for videos, commercials, dvds, pre-recorded optical discs featuring music, television programs, films, commercials, internet videos, and video programs; television and for internet web sites; video editing; videography services."

144.    The generic class of the services covered by Trademark Registration No. 4742447 is video editing services.  This class of services includes video and production editing services that combine clips together into a composite video.

145.    The term "stitch editing" will be understood by the relevant public to refer to the generic class of services covered by Trademark Registration No. 4742447.

146.    At all relevant times — before, at the time, and after Respondent filed its application Serial No. 86343094 on July 21, 2014, which matured into Trademark Reg. No. 4742447 for "STITCH EDITING" — the term "stitch editing" has been used as a common verb and/or noun in a generic manner for the act of combining clips or images together by editors[2], news articles and press releases[3], and trade publications[4] to refer to an editing method generally.

---

[2] https://www.fiverr.com/pushpanjali43/stitch-edit-create-hdr-outstanding-360-panorama-images and https://www.linkedin.com/in/joegoldin/
[3] https://www.uvu.edu/dgm/cinema/about/dgm2545.html, https://www.clincosm.com/trial/carestream-digital-radiography-long-length-imaging-software-data, https://www.vrscape.tv/
[4] https://www.techsmith.com/tutorial-camtasia-stitch-media.html and https://blog.insta360.com/adobe-premiere-pro-insta360-pro-extension-available/

147.   Respondent has admitted that the word "editing" is a generic name for its services.  Specifically, during the prosecution of Trademark Reg. No. 4742447 amended its application to seek registration under Section 2(f) of the Lanham Act, which constitutes and admission that the applied for mark as a whole is merely descriptive. Respondent then disclaimed exclusive rights to the term "editing" apart from the mark as a whole, which constitutes an admission that "editing" is generic for the services covered by Trademark Reg. No. 4742447.

148.   The word "stitch" is now and for many years has been used as a generic term for goods and services that feature any video stitching technique, tool, or application to combine video clips.

149.   Upon information and belief, the primarily significance of the term "stitch editing" to Respondent's customers is to refer to the genus of Respondent's services, namely video editing services.

150.   Upon information and belief, the word "stitch" was used generically by the media industry to describe an editing technique in the mid-to-late 1980s.

151.   Wikipedia has an entry of "Image Stitching[5]" that lists "Video Stitching" as one of the "widely used modern applications," citing *Breszcz, M.; Breckon, T. P. (August 2015). "Real-time Construction and Visualization of Drift-Free Video Mosaics from Unconstrained Camera Motion", The Journal of Engineering. 2015 (16): 229–240.*

152.   Similar to Wikipedia, Oxford[6] defines "image stitching" as "the process of merging a number of overlapping images into one large image."  Oxford describes this process to involve "the use of image registration and image rectification technique, as well as techniques to identify the extent of image overlap, such as feature matching."

///

---

[5] https://en.wikipedia.org/wiki/Image_stitching
[6] https://www.oxfordreference.com/view/10.1093/acref/9780198725725.001.0001/acref-9780198725725-e-2269?rskey=vxgpWb&result=1.

153.   Cambridge[7] provides various use example of the word "stitch," having the meaning of combining digital products or works together as if with stitches, including "Oh, no, somebody has to download those things and *stitch* it all together!" "This does simulate a larger aperture, kinda, but the behind-the-scenes processing is doing more than just *stitch* images together side-by-side." "Then the responses are stitched together into little five-minute audio amuse bouches for your listening pleasure." "Of course, there are a couple of unauthorized biographies, hastily stitched together." "The chasm from stitching subsystems, bottom-up to fully intelligent machines is galaxies wide."

154.   Merriam-Webster[8] defines the word "stitch" as "to fasten, join, or close with or as if with stitches" and "to make, mend, or decorate with or as if with stitches."

155.   Collins[9] defines the word "stitch" when used as a noun as "the portion of work produced," when used a verb as "to work upon, join, mend, or fasten with or as if with stitches," and provides a use example of "a plan that was barely stitched together."

156.   YourDictionary.Com[10] defines "stitch" as "[t]o combine two or more photographs of the same scene into a single image" in "computing, graphics."

157.   The origin of the term "stitch" for video and film editing dates back to the time when women were first hired for film editing in the early days of cinema[11], these women compared their splicing the "fabric of film" to sewing as they proceeded to "stitch the scenes together." *See* EDWARD DMYTRYK, ON FILM EDITING:  AN INTRODUCTION TO THE ART OF FILM CONSTRUCTION 20 (Vol. 2, 1984), and CHRISTOPHER BOWEN, VITAL SOURCE BOOKSHELF AND THE SCREEN SHOT: GRAMMAR OF THE EDIT 185 (4th Ed. 2018).

158.   The process of combining textile practice and experimental filmmaking through expanded cinema performance has been well documented in many academic

---

[7] https://dictionary.cambridge.org/us/dictionary/english/stitch.
[8] https://www.merriam-webster.com/dictionary/stitch,
[9] https://www.collinsdictionary.com/us/dictionary/english/stitch,
[10] https://www.yourdictionary.com/stitch,
[11] http://users.clas.ufl.edu/burt/middleagesonfilm/editingassewing.html.

1   works and industrial documentation, referring to "stitch" and "stitching" as the "hybrid

2   tools and the specific practice of creating moving images and optical sounds from fabric

3   and stitch patterns and editing them into loops with a live method informed by

4   dressmaking." See, e.g. *Film as Fabric: Connecting Textile Practice and Experimental*

5   *Filmmaking through Expanded Cinema Performance* by Stark, Mary, PhD., Department

6   of Design Manchester School of Art Research Centre, Manchester Metropolitan

7   University (2020).

8         159.   In the computing industry, "stitch" and "stitching" are terms universally

9   used to refer to action of using "video-editing software include Apple Final Cut Pro[12]

10   …and Adobe Premier [13]…if one wants to stitch multiple camera views together, or carry

11   out other editing of the original footage." *See Commonplace tools for studying*

12   *commonplace interactions: practitioners' notes on entry-level video analysis* (2003) by

13   Dan Loehr and Lisa Harper, The MITRE Corporation and Georgetown University,

14   Washington, D.C., published by Sage Publications, Vol 2(2): 225–233 [1470-

15   3572(200306)2:2; 225–233;032597.

16         160.   Respondent itself used[14] the term "stitching" in a generic manner to refer

17   to its "editing technique" in 2010.

18         161.   Respondent's competitors commonly use the words "stitch" and "stitch

19   editing" as a generic name to describe such "editing technique," including but not

20   limited to Stitch Media, SterioStitch, Samsung Electronics Co., Ltd., Garmin,

21   TechSmith, NPM, Inc., Magix, Chengdu Everimaging Science and Technology,

22   PhotoJoiner.net, PixikoWitness, Elgrito.Witness.org, Stack Overlow, Softo Ltd.,

23

24   [12] https://support.apple.com/guide/final-cut-pro/intro-to-360-degree-video-
vere7590a327/mac,
25   [13] https://www.adobe.com/creativecloud/photography/discover/photo-stitching.html,
https://helpx.adobe.com/photoshop/using/create-panoramic-images-photomerge.html,
26   https://www.adobe.com/express/feature/video/merge,
https://premierebro.com/premiere-in-post/insta360-adobe-premiere-pro-no-stitch-
27   editing-extension-available-now-for-insta360-pro-users  and https://studio.
knightlab.com/results/storytelling-layers-on-360-video/how-to-edit-360-video-in-
28   premiere/.
[14] https://www.lbbonline.com/news/stitch-launches.

1    Hamza Anjum/MicroSoft, Brother International Corporation, SSTK Holdings C.V.

2    Limited, and Super Basic, LLC. A copy of these use evidence is enclosed as Exhibit B.

3        162.    Upon information and belief, the term "stitch editing" is incapable of

4    distinguishing Respondent's video editing services from the video editing services of

5    others that also use the "stitch" "editing technique."

6        163.    Given that "stitch" is generic for the services identified in Trademark Reg.

7    No. 4742447 and "editing" is admitted being generic for such services, the term "stitch

8    editing" as a whole is also generic for the services identified in Trademark Reg. No.

9    4742447.

10        164.    Because the term "stitch editing" is, or has become, generic for the action

11    of combining video clips in Plaintiff-Respondent's industry, it cannot serve as a

12    trademark for such services to the exclusion of others.

13                            **PRAYER FOR RELIEF**

14        165.    Accordingly, Plaintiff-Respondent respectfully requests that the Court

15    enter Final Judgment cancelling Plaintiff/Respondent's Reg. No. 4742447 and order the

16    Director of the USPTO to remove such registration from the Principal Register.

17        166.    Grant such additional relief as the Court deems just and proper.

18

19    Dated: August 8, 2021                    WRIGHT, L'ESTRANGE & ERGASTOLO

20

21                                    By:    /s/ *Andrew E. Schouten*
                                          Andrew E. Schouten
22                                        *Attorneys for Defendants and Counterclaim*
                                          *Petitioners TikTok, Inc., TikTok LLC,*
23                                        *TikTok Ltd., and ByteDance Ltd.*

24

25

26

27

28