# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.:   2:21-cv-06636-SB-SK | Date:   February 24, 2023 |

| | |
|---|---|
| Title: | *Stitch Editing Ltd. v. TikTok, Inc. et al.* |

| | |
|---|---|
| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |

| Jennifer Graciano | Suzanne McKennon |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Andrew D. Skale    Randy Kane Jones | Nicola T. Hanna    Elizabeth McCloskey |
| Adam Korn | Poonam Kumar    Shaun Mathur |

**Proceedings:**   [Minutes of] Continued Final Pretrial Conference (Held and Continued)

Case called and appearances made. The Court heard from the parties on some of the disputes pending before it and made rulings as stated on the record, including the following:

The pretrial conference is continued to February 28, 2023 at 10:30 a.m. Jury selection and trial will begin on March 1, 2023 at 8:30 a.m. Plaintiff's counsel made an oral motion to trail this matter, which Defendants opposed and the Court denied for the reasons stated on the record.

The Court discussed with the parties its expectations for the daily schedule during trial and for various aspects of their trial practice, including tracking exhibits and their admission, publishing stipulated exhibits, disclosing witnesses at least 24 hours in advance, raising disputes with the Court sufficiently in advance so that they can be addressed outside the presence of the jury, and providing the Court

with Word copies of filed documents.[1]  The Court heard from the parties on their expectations for the issues that the Court will decide in Phase 3 of the trial.

For the first two phases of the trial (i.e. the jury trial), each side will have 15 hours to present evidence (including direct and cross-examination) and make opening statements and closing arguments.  These limits may be extended slightly if the Court concludes that the parties are conducting the trial in a reasonable manner and reasonably require more time.  These limits do not include additional testimony relevant to Phase 3 that may be heard outside the presence of the jury during Phases 1 and 2.  The parties shall meet and confer and file a joint report identifying the witnesses they intend to have testify outside the present of the jury during Phases 1 and 2.  The joint report shall be filed today if possible, but no later than 8:00 a.m. on February 27, 2023.

The Court defers ruling on the admissibility of Jeff Anderson's disgorgement opinion until Phase 3 of the trial.

The Court also defers ruling on the remaining disputes related to the 190 defense exhibits (now reduced to 52) that were the subject of Plaintiff's motion in limine.  The parties are ordered to meet and confer further on these exhibits to try to reach agreement.  To the extent there are remaining disputes, the Court orders the parties to reserve time the day before they intend to use a disputed exhibit to address the matter with the Court.

The Court does not intend to admit Plaintiff's Interrogatory No. 21 and Defendants' response thereto at trial.  To the extent it becomes relevant for impeachment purposes, Plaintiff may seek leave to use it for that purpose.

The Court overrules Plaintiff's objection to the anticipated testimony of Andrew Maddox.  Plaintiff shall provide to Defendants a reasonably detailed offer of proof describing Maddox's anticipated testimony, and the parties shall meet and confer to clarify any confusion.

The Court also heard from the parties and made rulings on objections to numerous specific exhibits raised in their February 21 joint report.  The parties shall meet and confer and no later than noon on February 27, 2023, shall file a joint

---

[1] The parties also shall promptly provide the Court with Word copies of their most recent amended proposed jury instructions (clean, undisputed, and disputed).

document listing the exhibits that were admitted and excluded, along with any conditions imposed by the Court.

No later than 5:00 p.m. on Saturday, February 25, 2023, the parties shall file a joint document, limited to 3 pages per side, stating their positions as to the admissibility of Plaintiff's intended corrective advertising damages evidence newly raised today. The parties may also each provide two case citations (but no additional argument) addressing their dispute about whether Defendants should be allowed to reference Plaintiff's decision not to sue other entities that use the word "stitch."

The Court orders the parties to continue to meet and confer in good faith to attempt to resolve their outstanding disputes. The parties shall promptly inform the Court through a joint report if they resolve any of the remaining matters on which they have requested a Court ruling.

<u>2:11</u>