UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.:   2:21-cv-06636-SB-SK | Date:   February 28, 2023 |

| | |
|---|---|
| Title: | *Stitch Editing Ltd. v. TikTok, Inc. et al.* |

| | |
|---|---|
| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |

| Jennifer Graciano | Amy Diaz |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Andrew D. Skale    Randy Kane Jones | Nicola T. Hanna    Elizabeth McCloskey |
| Adam Korn    Cortney Rockett | Poonam Kumar    Shaun Mathur |
| Kara M. Cormier | Blaine Evanson |

**Proceedings:**   [Minutes of] Continued Final Pretrial Conference (Held and Completed)

Case called and appearances made. The parties stipulated to the Court's tentative order on evidence related to extraterritoriality. The Court adopted the order, which will be entered separately.

The Court heard argument from the parties on its tentative rulings on their disputed deposition designations. The Court ruled on the record. A separate order will be entered with a sealed attachment containing the Court's rulings.

Plaintiff confirmed on the record that it withdraws its request—raised at the previous pretrial conference—to introduce new evidence in support of a corrective advertising claim.

The Court heard argument from the parties on whether Defendants should be allowed to elicit evidence about whether Plaintiff has sued other businesses that

use "stitch" in connection with their products. The Court takes this matter under submission. Until the Court rules otherwise, Defendants are precluded from raising the issue before the jury.

The Court reviewed with the parties its expectations for voir dire and courtroom arrangements during jury selection.

The Court heard argument from the parties on their dispute over Defendants' intention to produce new witnesses to testify in Phase 3 about the hardships imposed on Defendants by Plaintiff's requested injunction. The parties are ordered to meet and confer and attempt to reach agreement on this issue. No later than 5:00 p.m. on Saturday, March 4, Defendants shall provide to Plaintiff declarations from their intended witnesses addressing the burdens and any matters within the scope of their intended testimony. No later than 6:00 a.m. on Monday, March 6, the parties shall file *and* email to the Court (1) a joint brief limited to three pages per side stating the parties' positions and the legal support therefor, (2) copies of the declarations proposed by Defendants, (3) a brief declaration from Plaintiff identifying the prejudice they would face if the Court allows the witnesses' testimony, and (4) a copy of the injunctive relief Plaintiff seeks.

Plaintiff moved to voluntarily dismiss with prejudice its claims against Defendants TikTok LLC and TikTok Ltd. Without objection, the Court granted the voluntary dismissal. **Plaintiff's claims against Defendants TikTok LLC and TikTok Ltd. are therefore DISMISSED with prejudice.**

Plaintiff raised a further dispute about the scope of Andrew Maddox's anticipated testimony. The parties are ordered to meet and confer on this matter and attempt to reach agreement. To the extent they are unable, they shall file a joint brief no later than 6:00 p.m. on Thursday, March 2, limited to 3 pages per side, stating their positions and identifying supporting authority.

For each Phase 3 witness who will be testifying outside the presence of the jury during Phase 1, the offering party no later than 5:00 p.m. the day before the witness will testify (and earlier if possible) shall provide a declaration that will be construed as the witness's direct testimony. The parties will then begin with cross-examination and re-direct.

The Court orders the parties to continue to meet and confer in good faith to attempt to resolve their outstanding disputes. The parties shall promptly inform the Court through a joint report if they resolve any of the remaining matters on which

they have requested a Court ruling. The parties are ordered to return March 1, 2023 for jury selection at 8:30 a.m. in Courtroom 6C.

<u>1:19</u>