1   GIBSON, DUNN & CRUTCHER LLP
    Nicola T. Hanna (130694)
2     nhanna@gibsondunn.com
    Blaine H. Evanson (254338)
3     bevanson@gibsondunn.com
    Elizabeth K. McCloskey (268184)
4     emccloskey@gibsondunn.com
    Poonam Kumar (270802)
5     pkumar@gibsondunn.com
    333 South Grand Avenue
6   Los Angeles, CA 90071-3197
    Telephone: 213.229.7000
7   Facsimile: 213.229.7520

8   DORSEY & WHITNEY LLP
    J. Michael Keyes (262281)
9     keyes.mike@dorsey.com
    Bruce R. Ewing (*pro hac vice*)
10    ewing.bruce@dorsey.com
    Connor J. Hansen (*pro hac vice*)
11    hansen.connor@dorsey.com
    701 Fifth Avenue, Suite 6100
12  Seattle, WA 98104
    Telephone: 206.903.8800
13  Facsimile:  206.903.8820

14  *Attorneys for Defendants and Counterclaim*
    *Petitioners TikTok Inc., TikTok LLC,*
15  *TikTok Ltd., and ByteDance Ltd.*

16  [Additional counsel listed on following and signature pages]

17            **UNITED STATES DISTRICT COURT**
18            **CENTRAL DISTRICT OF CALIFORNIA,**
                      **WESTERN DIVISION**
19

20  STITCH EDITING LTD.,               Case No. 2:21-CV-06636-SB-SK
              Plaintiff,
                                       **DEFENDANTS' MOTION TO**
21  v.                                 **ADMIT MILL STITCH EXHIBITS**
                                       **(TRIAL EXHIBITS 1077 AND 1337)**
22  TIKTOK INC., TIKTOK LLC, TIKTOK
    LTD., and BYTEDANCE LTD.,
23                                     Courtroom: 6C
              Defendants.
24                                     Case assigned to Hon. Stanley
                                       Blumenfeld, Jr.,
25

26

27

28

Gibson, Dunn &
Crutcher LLP

1

GIBSON, DUNN & CRUTCHER LLP
Howard H. Hogan (*pro hac vice*)
    hhogan@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

2

3

4

5

*Attorneys for Defendants and Counterclaim*
*Petitioners TikTok Inc., TikTok LLC,*
*TikTok Ltd., and ByteDance Ltd.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

## I.   INTRODUCTION

This Court deferred ruling on the admissibility of Exhibits 1077 and 1377 until trial so it could "assess the purposes for which the MILL[] STITCH materials may be relevant and to weigh the possible prejudice and risk of confusion in light of the other evidence admitted." Dkt. 385 at 10.  Plaintiff's opening statement and first witness show this evidence is *highly* relevant.  Plaintiff relied heavily in its opening on the PTO's filings regarding STITCH EDITING.  And Mr. King testified that Plaintiff did not register "stitch" because he believed the STITCH EDITING trademark registration covers "stitch" as well.  He and Plaintiff know that is false, as the MILL STITCH evidence shows; and it is contrary to the Court's summary judgment order rejecting that very position.  Dkt. 202 at 7.  Exhibits 1077 and 1377 must be admitted in order to correct this misimpression and clarify the relevant facts for the jury.

## II.   BACKGROUND

The PTO registered STITCH EDITING for, among other things, "***production and post-production services*** in the fields of video and films; ***post-production editing services*** in the field of music, videos and film …." Ex. A (emphases added).  The Mill is—like Plaintiff—a London-based video-editing house and post-production company. Ex. B at 94:1–95:14.  The Mill filed a trademark application for MILL STITCH for, among other things, "***[p]roduction and post production services*** in the fields of television, film, video games and digital media."  Ex. C at 4 (emphasis added).

The PTO required The Mill to "disclaim the wording 'STITCH' because it merely describes an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services, and thus is an unregistrable component of the mark." Ex. D at 2-3; *id.* at 3.  The PTO then registered MILL STITCH.  Ex. E.

However, nine months *after* filing this lawsuit, Plaintiff (represented by Mr. Skale) filed a petition to cancel the MILL STITCH mark, arguing that "MILL STITCH is ***likely to cause confusion*** and mistake and to deceive purchasers …."  Ex. F at 3 (emphasis added).  This led to the PTO canceling the MILL STITCH mark.  Ex. G.

The Court previously recognized evidence of "third-party registrations may be 'probative of whether a mark is used in a descriptive way.'" Dkt. 385 at 10. But the Court said "informing the jury that the PTO found 'stitch' to be descriptive in the context of the MILL[] STITCH mark runs the risk that the jury might unduly defer to the PTO's finding." *Id.* The Court decided to defer ruling on the exhibits' admissibility so it could evaluate their probative value and possible prejudice in the context of trial. *Id.* at 9–10.

## III.   ARGUMENT

### A.   Plaintiff's Opening Statement and Mr. King's Testimony Confirm the Relevance of the MILL STITCH Documents.

In its opening statement, Plaintiff argued at length about the PTO's registration of STITCH EDITING. While holding up its framed, "gold stamped" certificate of registration, Plaintiff argued that there is no dispute that the PTO granted it a valid and protectable service mark in "Stitch Editing." 3/1/2023 Tr. (Rough) at 140:9:25. Plaintiff then took this argument several steps further in a way that is highly misleading.

For instance, Plaintiff argued that, had Defendants performed a trademark search before adopting the name "stitch," they would have seen Plaintiff's mark. 3/1/2023 Tr. (Rough) at 142:17–21. Plaintiff, however, did *not* inform the jury that Defendants also would have seen the MILL STITCH office action that found "stitch" to be descriptive in the video-editing industry.

Plaintiff's first witness—Mr. King—testified Plaintiff did not register "stitch" because he believed the registration for STITCH EDITING covers "stitch" as well. 3/1/2023 Tr. (Rough) at 198:24–199:17. That is of course completely false—Plaintiff *knew* the PTO's registration of STITCH EDITING did not cover "stitch" because it was involved in the PTO proceedings that resulted in The Mill disclaiming "stitch" as descriptive and then cancelling its mark.

Plaintiff has cloaked itself in the PTO's findings and made false statements to the jury that Defendants *must* be able to correct. Exhibits 1077 and 1377 (and related questioning of Mr. King) are necessary for Defendants to do so.

Gibson, Dunn & Crutcher LLP

Plaintiff's arguments highlight the relevance of the MILL STITCH documents, as the PTO's treatment of MILL STITCH tends to prove "stitch" is descriptive and *not* suggestive. *See Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1118 & n.10 (9th Cir. 2010) ("third party use [of a mark] is relevant, and may be considered by the trier of fact" to determine whether a "mark is merely descriptive"); *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1199 (9th Cir. 2009) ("courts have often given due regard to the determination of the [PTO], which necessarily decides whether a mark is descriptive or suggestive in its decision whether to register the mark"); 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 11:69 (5th ed. 2022). Plaintiff's arguments at the very least opened the door, and require that Defendant's be permitted to impeach Mr. King's false testimony as to why Plaintiff did not seek to register "stitch." *Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1130 (9th Cir. 2010).

The PTO's finding also is relevant to showing that punitive damages are wholly improper in this case, as the exhibits have a tendency to show Defendants had an objectively good-faith belief they could name the tool "stitch" and acted consistently with industry standards and agency guidance, rendering any punitive damages award unconstitutional for lack of fair notice. *See FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012); *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69–70 & n.20 (2003).

**B.    The Exhibits' Probative Value Is Not Substantially Outweighed by the Risk of Unfair Prejudice or Confusing the Jury.**

The PTO's findings from the MILL STITCH proceedings are just one of many pieces of evidence the jury may consider in deciding whether "stitch" is protectable. Regardless, the Ninth Circuit has said the PTO's "special expertise" makes its findings relevant and "[d]eference to the PTO's classification decision[s] is sensible." *Lahoti*, 586 F.3d at 1199.  To the extent there are any lingering concerns, any risk of undue deference or confusion can be easily cured with a limiting instruction.

## IV.    CONCLUSION

Defendants respectfully request the admission of Exhibits 1077 and 1337.

DATED: March 1, 2023

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Blaine H. Evanson*
_____

GIBSON, DUNN & CRUTCHER LLP
Nicola T. Hanna, SBN 30694
  *nhanna@gibsondunn.com*
Blaine H. Evanson, SBN 254338
  *bevanson@gibsondunn.com*
Elizabeth K. McCloskey, SBN 268184
  *emccloskey@gibsondunn.com*
Poonam Kumar, SBN 270802
  *pkumar@gibsondunn.com*
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Howard H. Hogan (*pro hac vice*)
  *hhogan@gibsondunn.com*
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

DORSEY & WHITNEY LLP
J. Michael Keyes, SBN 262281
  *keyes.michael@dorsey.com*
Bruce R. Ewing (*pro hac vice pending*)
  *ewing.bruce@dorsey.com*
Connor J. Hansen (admitted *pro hac vice*)
  *hansen.connor@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104

*Attorneys for Defendants TikTok Inc.,*
*TikTok LLC, TikTok Ltd., and ByteDance*
*Ltd.*