| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| | Nicola T. Hanna (130694) |
| 2 |   nhanna@gibsondunn.com |
| | Blaine H. Evanson (254338) |
| 3 |   bevanson@gibsondunn.com |
| | Elizabeth K. McCloskey (268184) |
| 4 |   emccloskey@gibsondunn.com |
| | Poonam Kumar (270802) |
| 5 |   pkumar@gibsondunn.com |
| | 333 South Grand Avenue |
| 6 | Los Angeles, CA 90071-3197 |
| | Telephone: 213.229.7000 |
| 7 | Facsimile: 213.229.7520 |
| 8 | DORSEY & WHITNEY LLP |
| | J. Michael Keyes (262281) |
| 9 |   keyes.mike@dorsey.com |
| | Bruce R. Ewing (*pro hac vice*) |
| 10 |   ewing.bruce@dorsey.com |
| | Connor J. Hansen (*pro hac vice*) |
| 11 |   hansen.connor@dorsey.com |
| | 701 Fifth Avenue, Suite 6100 |
| 12 | Seattle, WA 98104 |
| | Telephone: 206.903.8800 |
| 13 | Facsimile: 206.903.8820 |

*Attorneys for Defendants and Counterclaim Petitioners TikTok Inc., TikTok LLC, TikTok Ltd., and ByteDance Ltd.*

[Additional counsel listed on following and signature pages]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA,**
**WESTERN DIVISION**

| | |
|---|---|
| STITCH EDITING LTD., | Case No. 2:21-CV-06636-SB-SK |
|     Plaintiff, | |
| | **DEFENDANTS' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT OF HARM TO REPUTATION AND GOODWILL** |
| v. | |
| TIKTOK INC., TIKTOK LLC, TIKTOK LTD., and BYTEDANCE LTD., | |
| | |
|     Defendants. | Courtroom: 6C |
| | |
| | Case assigned to Hon. Stanley Blumenfeld, Jr., |

1  GIBSON, DUNN & CRUTCHER LLP
   Howard H. Hogan (*pro hac vice*)
2     hhogan@gibsondunn.com
   1050 Connecticut Avenue, N.W.
3  Washington, DC 20036-5306
   Telephone: 202.955.8500
4  Facsimile: 202.467.0539

5  *Attorneys for Defendants and Counterclaim*
   *Petitioners TikTok Inc., TikTok LLC,*
6  *TikTok Ltd., and ByteDance Ltd.*

Plaintiff does not assert a claim for harm to its brand, reputation or goodwill (Ex. A at 3), or seek damages on any theory for which such harm would be relevant, and the jury could not permissibly award punitive damages based on conduct for which no compensatory damages were awarded.  The reputational harm evidence Plaintiff seeks to admit is therefore completely irrelevant and highly prejudicial.  Accordingly, Defendants respectfully request that the Court: (1) exclude all evidence and argument concerning Plaintiff's alleged harm to its reputation and goodwill, (2) strike all evidence and argument already introduced relating to such alleged harm, and (3) issue a curative instruction clarifying for the jury that it is not to consider any evidence or argument of harm to Plaintiff's reputation or goodwill in reaching a verdict in this case.

### A. There Is No Claim Or Damages Model In The Case For Which Purported Harm To Plaintiff's Brand, Reputation, Or Goodwill Is Relevant

***Plaintiff's claim relates to confusion, not dilution***.  Plaintiff has alleged claims for trademark infringement and unfair competition, but it has not alleged a claim for trademark *dilution*—a separate cause of action reserved for only the nation's most famous marks, and that does not seek to "protect[] consumers" (*Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418, 429 (2003)), and does not require proof of a "likelihood of confusion."  *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).

***Harm to reputation is irrelevant to the reasonable royalty***.  As the Court correctly recognized, "a reasonable royalty theory is in essence a contract theory." 3/1/2023 Tr. 260:22-25.  And whether Plaintiff's brand was harmed from supposedly being associated with Defendants has nothing to do with the appropriate amount of a reasonable royalty.  To the contrary, an alleged harm to Plaintiff's reputation is wholly irrelevant and "incompatible" with its request for a reasonable royalty.  *Id.* at 261:21-22.

Plaintiff's damages expert did not base his calculation of a reasonable royalty on any alleged harm to Plaintiff's reputation.  Ex. B at 203:7–20.  And none of the *Georgia-Pacific* factors considers alleged harm to the licensor's reputation.  Dkt. 438 at 24–27.

Moreover, the evidence and argument Plaintiff wishes to elicit occurred *after* any

hypothetical negotiation date, and therefore could not possibly be relevant to the amount of a reasonable royalty. *Cf. Lodestar Anstalt v. Bacardi & Co. Ltd.*, 2019 WL 8105378, at *14 (C.D. Cal. July 3, 2019) (license executed after filing of lawsuit "cannot serve as a legitimate basis for calculating a reasonable royalty rate"). Accordingly, all the evidence of "stitched" videos that were removed for violating TikTok's community guidelines, for example, is irrelevant, since it *post-dates* the launch of the Stitch tool and could not have been considering during any hypothetical negotiation. Tr. Ex. 8 at 4.

**B.     A Punitive Damages Award Based On Harm To Plaintiff's Reputation And Goodwill—Untethered To Any Actual Damages—Would Be Improper**

Plaintiff may pursue punitive damages only on its California common law claim for unfair competition. *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996); *Hernandez v. Sandoval*, 2014 WL 3704497, at *5 (C.D. Cal. July 23, 2014). "[T]he confusion required for a California common law unfair competition claim 'must be of a specific kind: the public must be misled into thinking that the defendant's product is actually the plaintiff's.'" Dkt. 458 at 1 (quoting *Fisher v. Dees*, 794 F.2d 432, 440 (9th Cir. 1986)). That is, Plaintiff must prove a likelihood of *forward* confusion. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005) (summarizing forward confusion as in Court's preliminary jury instructions).

But Plaintiff's claim that its brand was supposedly harmed is not based on forward confusion, but rather on the claim it lost control of its brand (3/1/2023 Tr. 233:7-16, 262:15-22)—i.e., *reverse* confusion. *See Ironhwak Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1160 (9th Cir. 2021) ("the result of reverse confusion is that the senior user loses the value of the trademark," including "control over its goodwill and reputation"). And because a reverse confusion claim based on reputational harm cannot support a claim under California common law (*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1147 (9th Cir. 1997)), it cannot serve as a predicate for a punitive damages award.

Plaintiff acknowledged on the record that it is ***not*** asking the jury to award actual damages, or any other remedy or computation, for alleged harm to its reputation and

goodwill.  3/1/2023 Tr. (Rough) 260:15-18, 261:12-13, 263:1-3.  Nor is Plaintiff asking the jury to award reasonable royalties based on reputational harm.  *Id.* at 263:16-20.  Yet Plaintiff thinks it can obtain *punitive damages* based on such harm.  Plaintiff is mistaken.  Actual damages is an "absolute predicate" to an award of punitive damages (*Monster Energy Co. v. Integrated Supply Network, LLC*, 821 F. App'x 730, 734 (9th Cir. 2020) (citing cases)), which must be tethered to the "actual economic harm resulting from the" wrongful conduct at issue (*In re Exxon Valdez*, 472 F.3d 600, 602 (9th Cir. 2006); *see Clark v. United States*, 2010 WL 11610669, at *1 (D. Haw. Nov. 19, 2010))—and not a theory of damages (corrective advertising for harm to Plaintiff's mark) that has been dismissed.  *Gawara v. U.S. Brass Corp.*, 63 Cal. App. 4th 1341, 1362 (1998).  Otherwise, neither the jury nor the Court can assess whether any such award is excessive.  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418, 424–25 (2003); CACI 3949.

**C.   The Probative Value Of Any Evidence And Argument Of Harm To Reputation Is Substantially Outweighed By The Risk Of Unfair Prejudice**

Plaintiff told the Court that it was not going to introduce evidence of "reputational harm" as a hook to introduce "inflammatory evidence to confuse the issues."  1/6/2023 Tr. 13:3-9.  But that is exactly what Plaintiff is doing.  Plaintiff argued during opening that the jury should award "punitive damages … because the evidence will show that the defendants had to remove over 66,000 videos that violated the defendants' own community guidelines."  3/1/2023 Tr. 153:12-18.  That evidence not only fails to show a conscious disregard for Plaintiff's rights, but it also creates a substantial risk of evoking an emotional response from the jury (*Old Chief v. U.S.*, 519 U.S. 172, 180 (1997)), and enticing the jury to award punitive damages based on harm to third parties in violation of Defendants' due process rights (*Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007)).  That is especially true given, as the Court acknowledged, "some people express … views that are negative towards TikTok."  3/1/2023 Tr. 13:4-8.  The Court should exclude all evidence and argument of reputational harm, strike all such argument and evidence already introduced, and issue a curative instruction.

| | | |
|---|---|---|
| DATED: March 2, 2023 | | Respectfully submitted, |
| | | GIBSON, DUNN & CRUTCHER LLP |
| | | */s/ Blaine H. Evanson* |
| | | GIBSON, DUNN & CRUTCHER LLP<br>Nicola T. Hanna, SBN 30694<br>  nhanna@gibsondunn.com<br>Blaine H. Evanson, SBN 254338<br>  bevanson@gibsondunn.com<br>Elizabeth K. McCloskey, SBN 268184<br>  emccloskey@gibsondunn.com<br>Poonam Kumar, SBN 270802<br>  pkumar@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520 |
| | | Howard H. Hogan (*pro hac vice*)<br>  hhogan@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |
| | | DORSEY & WHITNEY LLP<br>J. Michael Keyes, SBN 262281<br>  keyes.michael@dorsey.com<br>Bruce R. Ewing (*pro hac vice pending*)<br>  ewing.bruce@dorsey.com<br>Connor J. Hansen (admitted *pro hac vice*)<br>  hansen.connor@dorsey.com<br>701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104 |
| | | *Attorneys for Defendants TikTok Inc., TikTok LLC, TikTok Ltd., and ByteDance Ltd.* |

**LOCAL RULE 11-6.1 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants certifies that this brief contains 1,118 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Blaine H. Evanson*
Blaine H. Evanson