
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
Andrew D. Skale (SBN 211096)
adskale@mintz.com
Randy K. Jones (SBN 141711)
rkjones@mintz.com
Courtney Rockett (*pro hac vice*)
crockett@mintz.com
Kara M. Cormier (*pro hac vice*)
kmcormier@mintz.com
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| STITCH EDITING LTD.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TIKTOK, INC., and BYTEDANCE LTD.,<br><br>　　　　　　Defendants. | **Case No. 2:21-cv-06636-SB-SK**<br><br>**STITCH EDITING LTD.'S BRIEF RE JOINT AND SEVERAL LIABILITY**<br><br>Dept.: 6C<br><br>Judge: Hon. Stanley Blumenfeld, Jr.<br><br>Complaint filed: April 12, 2021<br>Trial Date: March 1, 2023 |

## I. ByteDance is Jointly and Severally Liable for Trademark Infringement

"[A]ny member of the distribution chain of allegedly infringing products can be jointly and severally liable for the alleged misconduct." *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1101 (N.D. Cal. 2021); 4 McCarthy on Trademarks and Unfair Competition § 25:23 (5th ed.) (doctrine of joint tort liability is applicable to trademark and unfair competition claims); *e.g.*, *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 834 (9th Cir. 2011) (affirming finding that defendants were "liable as joint tortfeasors" for their roles in trademark infringement). Thus, "courts have found liability for a retailer that inadvertently sold counterfeit goods, [where] a print-on-demand business that made goods based on customer-uploaded designs, [where] a licensor [] licensed others' infringing use, and [where] a competitor [] used trademarks as 'keywords' to advertise its own products." *Atari*, 515 F. Supp. 3d at 1101.

Further, the "volitional conduct" doctrine does **not** apply to claims for trademark infringement. *Id*. That doctrine "is taken from copyright law, not trademark law" and "requires that a plaintiff claiming direct *copyright* infringement 'show causation (also referred to as 'volitional conduct') by the defendant.'" *Id.* at 1105, n.6. "Volition in this context refers … to proximate causation," meaning that for *copyright* infringement, "'direct liability must be premised on conduct that can reasonably be described as the direct cause of the infringement.'" *Id.* No case in the Ninth Circuit has applied "the volitional conduct doctrine to a trademark infringement claim, and courts 'have consistently rejected the proposition that a ... kinship exists between copyright law and trademark law' sufficient to import a doctrine from one area to the other." *Id.* (citing *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 439 n.19 (1984)).

As such, all that is required under the Lanham Act is that the alleged infringer "directly use the trademarks," whether or not that use was the proximate cause of the infringement. *Id.*

Here, the testimony is clear: ByteDance Ltd. owns the TikTok application, (Rough Tr. from 3/7 at 65:10-12), which is the product containing the infringing mark throughout

the platform (on the share screen, on every video-posting screen, on the permissions page, and in the general feed). Chou Dep. at 55:12-20, 55:23-24: "TikTok is the product"; (Rough Tr. from 3/7 at 55:7-8 (TikTok is the product); Tr. 1048:10-16 ("Because TikTok is the product. Stitch is a feature on the product that you can see by scrolling through videos, by creating a video, by sharing or forwarding a video, so it's -- there is a ubiquitous use on the TikTok platform. And that inner action between the user and the platform, that is the product."); Ex. 34 (showing uses of mark throughout app); Ex. 3 (same); Ex. 10 (same); Ex. 1004 (same). Defendants' infringement is not – as they contend – limited just to views of videos containing the infringing mark. Thus, ByteDance Ltd. is liable for trademark infringement for its role in the distribution chain of the TikTok app.

In addition, Plaintiff also introduced evidence of ByteDance's own involvement in the infringement. For example, Plaintiff showed that Defendants' employees treated the two entities interchangeably and had difficulty distinguishing the two. While Michael Buzinover testified that he worked for TikTok, he was impeached with his deposition wherein he said he worked for "ByteDance" and that "he viewed [TikTok and ByteDance] as the same." Tr. at 514:14–514:5. It also showed that Herman Chou and Michael Buzinover communicated about the Stitch beta test via "@bytedance.com" email addresses, copying many individuals with the same @bytedance.com email address. Exhibit 17; Tr. 5:19:12–24. ByteDance's involvement in the prelaunch development of the Stitch feature is another direct tie to the infringement. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205-06 (9th Cir. 2008) (evidence and all reasonable inferences must be viewed in the nonmoving party's favor in ruling on a Rule 50(a) motion).

Finally, Defendants' own stipulations prove that both entities were involved with the development and creation of the Stitch Feature. *E.g.*, Exhibit 8 ¶ 4 ("Defendants considered names other than 'stitch' for the Stitch feature."); *see also id.* ¶¶ 1–3, 5–7. Thus, there is sufficient evidence for the jury to conclude that ByteDance is jointly and severally liable for direct infringement and common law unfair competition.

| | | |
|---|---|---|
| 1 | Dated: March 7, 2023 | Respectfully submitted, |
| 2 | | MINTZ LEVIN COHN FERRIS |
| 3 | | GLOVSKY AND POPEO, P.C. |
| 4 | | By: */s/Andrew D. Skale* |
| | | Andrew D. Skale (SBN 211096) |
| 5 | | Randy K. Jones (SBN 141711) |
| | | Courtney Rockett (*Pro Hac Vice*) |
| 6 | | Kara Cormier (*Pro Hac Vice*) |
| 7 | | *Attorneys for Plaintiff Stitch Editing Ltd.* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28